E-FILED
Tuesday, 02 March, 2010 01:18:51 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| JEREMY COLLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 10-cv-1052 |
| PEORIA COUNTY JAIL, | ) ) | |
| Defendant. | ) | |

## **O R D E R**

On March 1, 2010, Plaintiff submitted his Complaint and a Motion to Proceed in forma pauperis. (Docs. 1 & 2). Under 28 U.S.C. § 1915, the Court may allow a plaintiff to proceed without prepayment of costs and fees.[1] However, § 1915(e)(2)(B)(ii) also requires the Court to dismiss the Complaint "at any time" if it finds that the action "fails to state a claim upon which relief may be granted." Therefore, the Court reviews Plaintiff's Complaint to determine whether it states a claim upon which relief can be granted, bearing in mind the liberality with which *pro se* pleadings are construed.

In his Complaint, which is submitted on a form that is "designed primarily for *pro se* prisoners challenging the constitutionality of their conditions of confinement," Plaintiff's statement of his claim is "being on the floor for 30 days in

---

[1] Petitioner attached to his Complaint a "Certificate of the Conditions of Probation" from the Circuit Court of the Tenth Judicial Circuit of Illinois, in Peoria County. (Doc. 1 at 12). It indicates that Plaintiff was released from custody and placed on probation on February 19, 2010. Therefore, it appears that Plaintiff is no longer incarcerated. Because of that, he was not required to attach a certified copy of his prison trust fund account to his Motion to Proceed in forma pauperis. 28 U.S.C. § 1915(a)(2).

the County Jail on Sept. 30-Oct. 30 on the floor." (Doc. 1 at 1, 5). Thus, it appears that Plaintiff is challenging, under the Eighth or Fourteenth Amendments, the conditions of his confinement at the Peoria County Jail between September 30 and October 30, 2009.[2]

Though the Court construes *pro se* pleadings liberally, Plaintiff has not even alleged what injury he suffered from "being on the floor," and being on the floor is not so terrible a situation that the Court can assume that Plaintiff was harmed by it. Therefore, his Complaint as it currently stands is insufficient to state a claim, and the Court cannot grant his Motion to Proceed in forma pauperis on the basis of it; if it granted the Motion, the Court would be required to then immediately dismiss Plaintiff's Complaint under § 1915(e)(2)(B)(ii). Rather than take this inefficient path, the Court grants Plaintiff the chance to amend his Complaint to state a claim upon which relief can be granted.

Petitioner is not required to make the Eighth or Fourteenth Amendment "conditions of confinement" claim mentioned above, though this is the claim that appears to best fit Plaintiff's allegation. Indeed, Plaintiff need not even choose a

---

[2] In order to prove a claim challenging the conditions of his confinement, a plaintiff must show that he was incarcerated under conditions that posed a substantial risk of serious harm to his health or safety; the defendant was deliberately indifferent to the plaintiff's health or safety; the defendant's conduct caused harm to the plaintiff; and the defendant acted under color of law. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998); FED. CIV. JURY INSTR. 7TH CIR. 7.10 (2005). Further, when the defendant is a local governmental entity, the plaintiff must prove that the constitutional violation occurred as a result of the entity's official policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). In determining whether the Plaintiff has stated a claim, the Court does not require that the Plaintiff prove each of these elements, or even that each of them be specifically alleged, but there must be enough facts alleged for the Court to see that relief is plausible.

particular legal theory under which to proceed, but he must allege enough facts to give the Court and Defendant fair notice of his complaints, and to show that his claim to relief is "plausible." *Bissessur v. Indiana University Board of Trustees*, 581 F.3d 599, 602-03 (7th Cir. 2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

IT IS THEREFORE ORDERED that Plaintiff is allowed 21 days from the date of this Order in which to submit an Amended Complaint that states a claim upon which relief can be granted. The Plaintiff's Motion to Proceed in forma pauperis will be considered when the Plaintiff submits his Amended Complaint.

Entered this 2nd day of March, 2010.

                                                              s/ Joe B. McDade
                                                           JOE BILLY McDADE
                                         United States District Judge