## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

JEREMY COLLEY,        )
             )
  Plaintiff,       )
             )
    v.         )   Case No.  10-cv-1052
             )
PEORIA COUNTY JAIL,     )
             )
  Defendant.      )

## O P I N I O N  &  O R D E R

On March 1, 2010, Plaintiff submitted his Complaint and a Motion to Proceed in forma pauperis.  (Docs. 1 & 2).  On March 2, 2010, after reviewing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court found that the Complaint was insufficient to state a claim upon which relief could be granted, and gave Plaintiff 21 days in which to submit an amended complaint.  (Doc. 3).  In its Order, the Court noted that Plaintiff appeared to allege a violation of the Eighth or Fourteen Amendments in the conditions of confinement under which he was held at the Peoria County Jail, and listed for Plaintiff the elements of that cause of action, including the requirement that in a § 1983 suit against a local governmental entity the plaintiff must show that his injuries were the result of an official policy or custom.  (Doc. 3 at 2 fn. 2).  Having reviewed Plaintiff's Amended Complaint pursuant to § 1915(e)(2)(B)(ii), the Court finds that Plaintiff has again failed to state a claim up on which relief can be granted.

In his original Complaint, Plaintiff's statement of his claim was "being on the floor for 30 days in the County Jail on Sept. 30-Oct. 30 on the floor."  (Doc. 1 at 1, 5).

Thus, it appeared that Plaintiff is challenging, under the Eighth or Fourteenth Amendments, the conditions of his confinement at the Peoria County Jail between September 30 and October 30, 2009. In his Amended Complaint, Plaintiff only adds that he "suffered side injury" and "would like restitution." (Doc. 4 at 5). In order to state a claim for relief against a local governmental entity under § 1983 for a "conditions of confinement" claim, a plaintiff must allege in his complaint that the local governmental entity had an official policy or custom that resulted in his injury.[1] *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)); *Sheppard v. Fairman*, 64 F.3d 665, *3 (7th Cir. 1995) (unpublished disposition). Plaintiff has not alleged this fact, nor has he filled out the Amended Complaint with any more allegations suggestive of that fact that render his claim to relief "plausible." In its March 2, 2010 Order, while refraining from putting words into Plaintiff's mouth, the Court informed him that "he must allege enough facts to give the Court and Defendant fair notice of his complaints, and to show that his claim to relief is 'plausible.'" (Doc. 3 at 3) (*citing Bissessur v. Indiana University Board of Trustees*, 581 F.3d 599, 602-03 (7th Cir. 2009). Plaintiff has failed to meet even this low standard.

IT IS THEREFORE ORDERED that Plaintiff is given one more chance to plead a cognizable claim against a governmental entity. Plaintiff's Second Amended Complaint SHALL be filed within 21 days of the date of this Order.

---

[1] Because Plaintiff has named the "Peoria County Jail" as Defendant, the Court assumes that he, as a layperson, intends to make a claim against the jail itself, rather than against a particular officer or officers.

Entered this <u>6th</u> day of April, 2010.

s/ Joe B. McDade
JOE BILLY McDADE
United States District Judge
